**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**



ANAISA TRUFFIN,

       **Plaintiff,**

-vs-               **Case No.  A-16-CA-1210-SS**

MOSS LAW FIRM, P.C. and CAPITAL ONE,
N.A.,

       **Defendants.**

---

## O R D E R

   BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Capital One, N.A. (Capital One)'s Motion to Dismiss [#12], Plaintiff Anaisa Truffin (Plaintiff)'s Response [#16] in opposition, Capital One's Reply [#24] in support, and Plaintiff's Sur-reply [#20] in opposition. The Court also reviewed Defendant Moss Law Firm, P.C. (Moss Law Firm)'s Motion to Dismiss [#14], Plaintiff's Response [#18] in opposition, Moss Law Firm's Reply [#29] in support, and Plaintiff's Sur-reply [#30] in opposition.[1] Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motions to dismiss.

---

[1] Moss Law Firm notes Plaintiff's response in opposition to its motion to dismiss was untimely and argues the response should therefore be disregarded by the Court. Reply [#29] at 1. Additionally, Plaintiff filed sur-replies to both Capital One and Moss Law Firm (collectively, Defendants)'s Replies without first obtaining leave from the Court. *See* Local Rule CV-7(f) (noting that absent leave of the court, submissions on a motion following a reply in support are not allowed).Yet, Plaintiff is pro se and courts in the Fifth Circuit afford leniency toward pro se litigants. *Davis v. Fernandez,* 798 F.3d 290, 293 (5th Cir. 2015). Thus, the Court considers Plaintiff's untimely response and sur-replies irrespective of her failure to follow procedural requirements. *See id.* at 293 ("[W]here the law affords courts discretion as to how a particular rule is to be applied, courts must exercise such discretion with leniency towards unrepresented parties.").

**Background**

## I.     Alleged Debt and Correspondence

This case concerns alleged violations of the Fair Debt Collection Practices Act (FDCPA) and the Fair Credit Reporting Act (FCRA). On February 26, 2016, Plaintiff received a letter from Moss Law Firm stating Plaintiff owed $3,039.23 (the Debt). Compl. [#1-1] Ex. 2 (February Letter) at 8. In its heading, the February Letter listed its subjects as "Capital One, N.A., assignee of HSBC Bank Nevada, N.A.," Anaisa Truffin, an account number, and "[b]alance due as of Febrary 26, 2016: $3,039.23." *Id.* The February Letter contained two offers for Plaintiff to consider: paying the Debt as a lump sum settlement or through a twenty-four month payment plan. *Id.* It also described how Plaintiff could accept the offers and contact Moss Law Firm with questions. *Id.* Finally, the February Letter included the following: **"WE ARE ATTEMPTING TO COLLECT A CONSUMER DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR."** *Id.* Subsequent pages contained the details of the two offers. *Id.* at 9–10.

Over two months later, on May 3, 2016, Capital One filed a lawsuit against Plaintiff in Travis County, Texas to recover the Debt. Compl. [#1-1] Ex. 4 (State Court Complaint) at 12–17. Plaintiff was served with notice of the lawsuit on August 5, 2016. *Id.* at 12.

On May 13, 2016, Plaintiff sent a certified letter to Capital One indicating she had "never heard of Capital One before" and expressing confusion over the money she allegedly owed. Compl. [#1-1] Ex. 3 (May Letter) at 11. Plaintiff insisted Capital One prove Plaintiff owed the Debt through "validation and competent evidence." *Id.*

Moss Law Firm responded to Plaintiff's May Letter on Capital One's behalf via a letter mailed June 6, 2016. Compl. [#1-1] Ex. 1 (June Letter) at 1. The June Letter included the following:

> We have received your dispute. I am writing to advise you that we have not had sufficient time to investigate this matter and we are unable to verify the debt at this time.
>
> My client is attempting to investigate your fraud allegations expressed in your dispute. To aid in that investigation, please find enclosed an Identify Theft Affidavit.

*Id.*

## II.    Plaintiff's Claims

Plaintiff filed this suit on November 7, 2016 alleging Defendants failed to mark the Debt as in dispute from May 2016 to November 2016 and therefore reported inaccurate information to specific credit bureaus, which negatively impacted Plaintiff's credit report. Compl. [#1] ¶¶ 9–11, 14–18.

In particular, Plaintiff alleges three FDCPA violations against Moss Law Firm. *Id.* ¶¶ 5–12. First, Plaintiff claims the February Letter violated 15 U.S.C. § 1692g by including language overshadowing[2] the statutory requirements for written notice of debt collection such as Plaintiff's right to dispute the Debt. *Id.* ¶¶ 5–6. Second, Plaintiff contends Moss Law Firm violated 15 U.S.C. § 1692g by failing to properly validate the Debt and continuing collection activity in the form of a civil lawsuit after the Debt was disputed. *Id.* ¶¶ 7–8. Third, Plaintiff claims Moss Law Firm violated 15 U.S.C. § 1692c by failing to cease collection activity after it learned of the dispute. *Id.* ¶¶ 12–13.

---

[2] A term of art from 15 U.S.C. § 1692g, "overshadowing" refers to how the structure or language of a written notice can obfuscate the disclosure of a consumers's rights and other required information. *See* 15 U.S.C. § 1692g(b).

In addition, Plaintiff filed claims under the FCRA against both Moss Law Firm and Capital One. According to Plaintiff, Defendants violated 15 U.S.C. § 1681s–2 by not informing major credit reporting agencies the Debt was in dispute. *Id.* ¶¶ 9–11, 14–25.

Defendants filed separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which are now ripe.

## Analysis

### I.   Legal Standard

A motion under Rule 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Although a plaintiff's factual allegations need not establish that the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679.

In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). A court, however, is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific

facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). In deciding a motion to dismiss, courts may consider the complaint, as well as other sources such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Although leave to amend a complaint is to be freely given under Rule 15(a), a district court may deny leave to amend after considering factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

## II.    Application

Moss Law Firm moves to dismiss Plaintiff's claims Moss Law Firm failed to properly validate the Debt and cease collection activity, arguing Plaintiff did not timely dispute the Debt and a pending civil lawsuit is not collection activity under the FDCPA. Mot. [#14] at 3–5. Additionally, Moss Law Firm and Capital One both move to dismiss Plaintiff's FCRA claims, arguing a private cause of action under the FCRA is inappropriate where the triggering condition of notice from a credit reporting agency was not satisfied. *Id.* at 6–8; Mot. [#12] at 3–5.

The Court first addresses Moss Law Firm's argument Plaintiff did not timely dispute the Debt. Because the Court agrees Plaintiff did not timely dispute the Debt, the Court dismisses Plaintiff's claims Moss Law Firm failed to properly validate her debt and failed to cease collection activity. Consequently, the Court need not evaluate Moss Law Firm's additional argument a pending civil lawsuit is not a collection activity. Second, the Court examines Defendants' allegations Plaintiff cannot establish a private cause of action under the FCRA. Because a credit reporting agency did not

notify Defendants of Plaintiff's dispute of the Debt, Plaintiff cannot bring a private cause of action under the FCRA. Thus, the Court also dismisses Plaintiff's FCRA claims.[3]

## A.     Failure to Timely Dispute

The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Debt collectors are required, within five days of the initial communication regarding a debt, to provide consumers with a written notice containing the following information: (1) "the amount of the debt"; (2) "the name of the creditor to whom the debt is owed"; (3) a statement that unless the consumer "disputes the validity of the debt" within 30 days, the debt collector will assume the debt is valid; (4) a statement that if the consumer notifies the collector the consumer is disputing the debt in writing within the thirty-day period, "the debt collector will obtain verification of the debt [from the creditor] . . . and a copy of [the] verification . . . will be mailed to the consumer"; and (5) "a statement that, upon the consumer's written request," the debt collector will give the consumer "the name and address of the original creditor, if different from the current creditor." 15 U.S.C. § 1692g(a). Within thirty days after receiving such a written notice, if the consumer notifies the debt collector in writing that the debt is disputed, then the debt collector must cease collection of the debt until it obtains verification of the debt. 15 U.S.C. § 1692g(b).

---

[3] Moss Law Firm did not move to dismiss Plaintiff's claim the language of the February Letter overshadowed information on Plaintiff's rights and the statutory requirements for a written notice. Reply [#29] at 1 n.1. Thus, Plaintiff's overshadowing claim under 15 U.S.C. § 1692g(b) remains. Comp. [#1] ¶¶ 5–6.

Here, Moss Law Firm does not dispute it was acting as a debt collector. Mot. [#14] at 3–5 (arguing Moss Law Firm, as a debt collector, does not have an obligation to verify a debt but only to cease collection where a debt is disputed). Thus, at minimum, Moss Law Firm had a duty to cease collection activity if Plaintiff notified it in writing the Debt was disputed within thirty days of receiving the statutorily-required written notice. *See Bashore v. Resurgent Capital Servs., L.P.*, 452 F. App'x 522, 524 (5th Cir. 2011) (noting a debt collector is only required to cease collection and obtain verification of the debt where the consumer notified the debt collector of the dispute within the thirty-day period established by FDCPA).

Plaintiff recognizes she received the written notice of the Debt from Moss Law Firm on February 26, 2016. Compl. [#1] ¶ 4 (referencing the February Letter). But Plaintiff did not respond until May 17, 2016, over two months after she received the February Letter, when she sent a letter to Capital One. *Id.* Plaintiff herself acknowledges her response was an "untimely dispute of the alleged debt." Pl.'s Resp. to Moss Law Firm Mot. [#18] ¶ 5. However, it appears Plaintiff may attribute her failure to timely dispute the Debt to the February Letter's inadequacies. *See id.* ("[The February Letter] did not enclose the required statements that an initial consumer communication must have as per 15 U.S.C. § 1692g."). Yet, such an argument does not alter the fact Plaintiff's response to the written notice was untimely and therefore could not trigger duties for Moss Law Firm.

Nevertheless, Plaintiff's argument the February Letter failed to give her notice of her right to dispute the Debt can be addressed by her claim Moss Law Firm's written notice violated the FDCPA by overshadowing or being inconsistent with the statutory requirements. *See McMurray v. ProCollect, Inc.*, 687 F.3d 665, 668 (5th Cir. 2012) ("A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the

statutorily-mandated notice." (quoting 15 U.S.C. § 1692g(b))). The Court need not examine this claim, which has not been targeted for dismissal, and any consequences of its validity at this time.

Thus, the Court dismisses Plaintiff's claims Moss Law Firm failed to properly validate the Debt and cease collection activity.

## B.     Triggering Condition Not Satisfied for FCRA Claims

Plaintiff filed FCRA claims under 15 U.S.C. § 1681s–2 against both Defendants as furnishers of credit information, alleging they provided inaccurate information to credit agencies. Comp. [#1] ¶¶ 9–11, 14–25. In response, both Moss Law Firm and Capital One argue Plaintiff's FCRA claims should be dismissed because the triggering condition, receipt of notice of inaccurate information from a credit reporting agency, was not satisfied. Mot. [#12] at 3–5; Mot. [#14] at 6–7.

A private right of action against a furnisher of credit information exists under 15 U.S.C. § 1681s–2(b) where a consumer reporting agency reports an inaccuracy to the furnisher and the furnisher fails to correct this inaccuracy. *Young v. Equifax Credit Info. Servs., Inc.,* 294 F.3d 631, 639 (5th Cir. 2002) ("Thus, any private right of action [the plaintiff] may have under § 1681s–2(b) would require proof that a consumer reporting agency . . . had notified [the defendant] pursuant to § 1681i(a)(2)."); *Johns v. Chase Home Fin.,* No. EP-13-CV-066-KC, 2013 WL 5201155, at *7 (W.D. Tex. Sept. 12, 2013); *Taylor v. Chase Auto Fin. Corp.,* 850 F. Supp. 2d 637, 642 (N.D. Miss. 2012) ("To plausibly state a FCRA claim against [ the defendant], Plaintiff would have to allege that a consumer reporting agency gave notice of Plaintiff's dispute to [the defendant], as a furnisher.").

Here, Plaintiff does not allege Defendants received notice of a dispute from a credit reporting agency. *See* Comp. [#1]; Pl.'s Resp. to Capital One [#16] ¶¶ 6–9; Pl.'s Resp. to Moss Law Firm [#18] ¶¶ 7–10. Instead, Plaintiff reports how she disputed the credit information directly with Defendants,

who allegedly violated her rights by failing to investigate and respond as required by the statute. Pl.'s Resp. to Capital One [#16] ¶¶ 7–9 (citing 15 U.S.C. § 1681s–2(a)(8)); Pl.'s Resp. to Moss Law Firm [#18] ¶¶ 7–9.

While Plaintiff may have the right to dispute information directly with the furnisher, such communication does not satisfy the triggering condition for a private right of action. *Rios v. Randolph Brooks Fed. Credit Union,* No. 5:13-CV-946-DAE, 2014 WL 3897806, at *3 (W.D. Tex. Aug. 8, 2014) ("Generally 15 U.S.C. § 1681s–2 does not create a private right of action against furnishers of credit information, such as banks and credit unions for inaccurate credit information. The FCRA explicitly provides that there is no private right of action under § 1681 s–2(a) and that enforcement of this subsection is to be provided exclusively by government officials." (internal citation omitted)). A private right of action under § 1681s–2 exists only in narrow circumstances where a furnisher fails to correct an inaccuracy after receiving notification of the inaccuracy from a credit reporting agency. *See Young,* 294 F.3d at 639–40.

As a result, because Plaintiff cannot allege Defendants were notified of an inaccuracy by a credit reporting agency, Plaintiff cannot satisfy the triggering condition for a private cause of action under the FCRA. Accordingly, Plaintiff's FCRA claims must be dismissed.

### Conclusion

For all the foregoing reasons, the Court GRANTS the Defendants' Motions to Dismiss. Although leave to amend a complaint is to be freely given, amendment of the claims dismissed here would be futile. Plaintiff cannot repair her failure to timely dispute the Debt and activate the specific duties for Moss Law Firm. Similarly, because Defendants were not notified of an inaccuracy by a credit reporting agency, Plaintiff cannot satisfy the triggering condition for a private cause of action

under the FCRA. Thus, Plaintiff's claims Moss Law Firm violated the FDCPA by failing to validate the Debt and cease collection activity and her FCRA claims must be dismissed with prejudice. Only Plaintiff's claim against Moss Law Firm alleging overshadowing in violation of 15 U.S.C. § 1692g(b) remains.

Accordingly:

IT IS ORDERED that Defendant Capital One, N.A.'s Motion to Dismiss [#12] is GRANTED;

IT IS FURTHER ORDERED that Defendant Moss Law Firm, P.C.'s Motion to Dismiss [#14] is GRANTED;

IT IS FURTHER ORDERED that Plaintiff Anaisa Truffin's claim Defendant Moss Law Firm, P.C. failed to validate a debt in violation of 15 U.S.C. § 1692g is DISMISSED WITH PREJUDICE;

IT IS FURTHER ORDERED that Plaintiff Anaisa Truffin's claim Defendant Moss Law Firm, P.C. failed to cease collection activity in violation of 15 U.S.C. § 1692c is DISMISSED WITH PREJUDICE; and

IT IS FINALLY ORDERED that Plaintiff Anaisa Truffin's Fair Credit Reporting Act claims against Defendant Moss Law Firm, P.C. and Defendant Capital One, N.A. are DISMISSED WITH PREJUDICE.

SIGNED this the 16th day of March 2017.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE